**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4814**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES ROBERT HUTSON,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Bruce H. Hendricks, District Judge.  (6:15-cr-00842-BHH-1)

Submitted:  May 17, 2018                    Decided:  May 18, 2018

Before KING and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Benjamin T. Stepp, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenville, South Carolina, for Appellant.  Maxwell B. Cauthen, III, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Robert Hutson appeals his conviction and 51-month sentence imposed following his guilty plea to possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). On appeal, Hutson's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court complied with Fed. R. Crim. P. 11 during the plea hearing and whether the court imposed a reasonable sentence. Hutson was notified of his right to file a pro se supplemental brief but has not done so. For the reasons that follow, we affirm.

Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and ensures that the defendant understands, the rights he is relinquishing by pleading guilty, the charge to which he is pleading, and the maximum and any mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the plea is voluntary and not the result of threats, force, or promises extrinsic to any plea agreement, Fed. R. Crim. P. 11(b)(2), and that a factual basis supports the plea, Fed. R. Crim. P. 11(b)(3).

Our review of the record reveals that the district court substantially complied with Rule 11 in accepting Hutson's guilty plea. The court's failure to inform Hutson of his right to counsel at every stage of the proceedings did not affect his substantial rights. *See United States v. Sanya*, 774 F.3d 812, 815-16 (4th Cir. 2014) (discussing plain error

2

standard). Moreover, we conclude that Hutson's plea was knowing, voluntary, and supported by an independent factual basis.

"We review a sentence for reasonableness under a deferential abuse-of-discretion standard." *United States v. McCoy*, 804 F.3d 349, 351 (4th Cir. 2015) (internal quotation marks omitted). We must first determine whether the district court committed significant procedural error, such as improperly calculating the Sentencing Guidelines range, insufficiently considering the 18 U.S.C. § 3553(a) (2012) factors, or inadequately explaining the sentence imposed. *United States v. Lymas*, 781 F.3d 106, 111-12 (4th Cir. 2015). If the district court did not procedurally err, we next consider the substantive reasonableness of the sentence, considering the totality of the circumstances. *United States v. Zuk*, 874 F.3d 398, 409 (4th Cir. 2017). A sentence within a properly calculated Guidelines range is presumed substantively reasonable. *United States v. Vinson*, 852 F.3d 333, 357 (4th Cir. 2017). Hutson can rebut that presumption only by demonstrating "that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id*. at 357-58 (internal quotation marks omitted).

We have thoroughly reviewed the record and conclude that Hutson's sentence is reasonable. The district court properly calculated his Guidelines range, considered the parties' arguments and the § 3553(a) factors, and provided a reasoned explanation for the sentence it imposed. The court credited the arguments of Hutson's counsel and sentenced Hutson to the low end of the Guidelines range. The court reasonably declined to vary below the Guidelines range, detailing its concerns that Hutson had a serious criminal history and that his use of a firearm presented a danger to the community. Hutson also

3

fails to rebut the presumption of substantive reasonableness accorded his within-Guidelines sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Hutson, in writing, of the right to petition the Supreme Court of the United States for further review. If Hutson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hutson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*